Howedd, J.
The plaintiff has appealed from a judgment dissolving an injunction, issued upon the following allegations: In the suit of Converse, Harding & Co. v. Bloom, Kahn & Co., judgment in solido, for $703 77, was rendered on January 21st, 1867, against the defendants, of whom the plaintiff here was one; on 23d of same month, a portion of the defendants filed a motion for a new trial, which, on the same day, was granted generally, and on the fifth February following, said judgment was illegally amended, added to, changed and signed; on the 19th of February, an execution wrongfully issued upon said illegal judgment against this plaintiff individually; on the 7th of March, counsel for petitioner and his co-defendants, moved to quash said fieri facias, on the ground that there was no legal judgment to sustain it, a new trial having been granted generally; on the 28th of March said rule was dismissed, and on the same day an alias fieri facias was illegally issued against petitioner on said illegal judgment, under which the sheriff wrongfully and illegally seized property of petitioner worth $10,000. And from thi.«, he educes the following reasons why the said judgment and alias fieri f c as are null, and should be enjoined,
I.There is no legal, final judgment, upon which execution could issue.
2.A new trial was granted generally, from the only judgment ever rendered, viz: that of January 21st, and since then, no trial of the cause has been had.
3.Even ifs the Court disagreed with counsel, as to the nullity of the judgment, as the rule was taken to quash a fieri facias, on the ground of the,nuljity of the,, judgment upon its face, no fieri facias could issue until the judgment upon that rule had been signed, and the delay for appeal tKe'refrqjn had elápsqd.
í4.- Petitioner has exercised his legal right, and taken a suspensive appeal from said judgment upon the rule to qnash the fieri facias.
And upon alleging irreparable injury, he prayed for and obtained an injunction, which the defendants moved to dissolve, with damages, on the grounds that the plaintiff is not in law entitled to the same, and that the proceedings are defective, irregular and insufficient in law. This m ition was overruled, and upon a general denial being filed, the judgment appealed from was rendered, with twenty per cent, damages, and §75 attorney's fees, , ./
"The first and second .grounds urged by plaintiff, are not such, on the facts alleged, as to authorize, an injunction. The petition shows that there was a judgment rendered and signed, and if improperly signed and *559 altered, as alleged, it could be corrected only by appeal, no charge being made, that it was obtained through error, fraud or some other cause in law, for declaring its nullity.
The third and fourth grounds are likewise insufficient. A rule to quash a fieri facias, whatever may be the grounds on which it is based, does not of itself suspend the execution of the writ. An injunction,- and not a rule to show cause, is the proper remedy to arrest an execution. 2 R. 90. It follows that if the rule to show cause does not suspend an execution, a suspensive appeal from a judgment dismissing that rule can have no such effect, and that the delay for taking such appeal can have no influence upon the execution of the judgment. The plaintiffs in execution, having the right to return the original, and order an alias fieri facias, cannot be controlled in the exercise of that right by the proceedings on a rule to quash, which is dismissed.
The allegation of irreparable injury does not bring the case within the causes or grounds for an injunction, when the facts alleged are not such as to produce that effect. The ground of complaint here is the illegality of a judgment, which we have seen, could have been remedied on appeal.
Upon the whole, we must conclude that plaintiff’s allegations are insufficient in law to authorize or maintain the injunction granted, and that the rule to dissolve should have been sustained. We think the damages allowed by the Judge a quo, iu dissolving the injunction on the merits, are excessive, no special damages being proven.
Under the circumstances, we think, ten per cent, damages ample.
We must here remark, that we dispose of this case in reference solely to the state of facts existing at the trial of the rule to dissolve.
It is therefore ordered that the judgment appealed from be set aside, and that the rule taken on April 6, 1867, be made absolute, and the injunction herein dissolved, with ten per cent, damages on the amount enjoined; costs of the lower court to be paid by the plaintiff, and those, of appeal by defendants.